CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.

Kevin J. Hoyt, Esq. (Cal. Bar No. 76830)
ESTES & HOYT, A Professional Corporation
550 West C Street, Suite 530
San Diego, CA 92101
(619) 234-2111

Attorneys for Nancy L. Wolf, Trustee

Order Entered on
November 28, 2016
by Clerk U.S. Bankruptcy Court
Southern District of California

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

PROFESSIONAL SATELLITE AND COMMUNICATION, LLC,

Debtor.

BANKRUPTCY NO. 07-06613-LA7

Date of Hearing: N/A
Time of Hearing: N/A
Name of Judge: Louise D. Adler

## NONCONTESTED ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN NANCY L. WOLF, CHAPTER 7 TRUSTEE AND SEAN RONES, RADIUM MARKETING

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through thirteen (13) with exhibits, if any, for a total of <u>thirteen (13)</u> pages, is granted.  Motion Docket Entry No. <u>515</u>

//
//
//
//
//
//
//

DATED: November 28, 2016

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

_____
Louise DeCarl Adler
Judge, United States Bankruptcy Court

Submitted by:

ESTES & HOYT, A Professional Corporation

By: /s/ Kevin J. Hoyt
Kevin J. Hoyt
Attorneys for Nancy L. Wolf, Trustee

CSD 1001A

CSD 1001A [11/15/04](Page 2)
NONCONTESTED ORDER APPROVING SETTLEMENT AGREEMENT
DEBTOR: Professional Satellite and Communication, LLC          CASE NO: 07-06613-LA7

---

It appearing the Trustee's Notice Of Intended Action And Opportunity For Hearing (the "Notice") (Doc 515) (a copy of which is attached hereto as Exhibit A and incorporated herein) was served on all creditors and parties in interest on October 31, 2016 as set forth in the Proof of Service (Doc 515, pp. 7-10); it further appearing in excess of 24 days have expired from the service of the Notice and no creditor or party in interest has filed an opposition to the Notice or requested a hearing; the Court having reviewed the Declaration Of Nancy L. Wolf In Support Of Trustee's Notice Of Intended Action To Compromise And Settle Controversy With Rones (Amended Claim No. 32-2) (Doc 515-1) and good cause appearing;

IT IS ORDERED the agreement between Sean Rones and Radium Marketing (collectively "Creditor" or "Rones"), on the one hand, and Nancy L. Wolf, as chapter 7 trustee in the bankruptcy case of *In re Professional Satellite and Communication*, LLC, case number 07-06613-LA-7, on the other hand, as stated in the Notice of Intended Action on the Court's Docket as Entry No. 515, be and hereby is approved;

IT IS FURTHER ORDERED that Nancy L. Wolf, Chapter 7 Trustee, and the Trustee's attorney, Kevin J. Hoyt, are hereby authorized to undertake those acts required to implement said settlement; and

IT IS FURTHER ORDERED that the Rones Claim No. 32 is resolved so that the Rones Amended Claim No. 32-2 is deemed partially allowed in the Prosat Chapter 7 Case as a general, unsecured claim without priority in the amount of One Hundred Thousand dollars ($100,000.00), and the remaining balance of One Million Seventy-Two Thousand Six Hundred Sixty-Four dollars and Eighty cents ($1,072,664.80) on the amount of the amended claim is deemed disallowed.

IT IS SO ORDERED.

CSD 1001A

Signed by Judge Louise DeCarl Adler November 28, 2016

CSD 1001A [11/15/04](Page 3)
Case 07-06613-LA7    Filed 11/28/16    Entered 11/28/16 15:21:10    Doc 525    Pg. 3 of 13

NONCONTESTED ORDER APPROVING SETTLEMENT AGREEMENT
DEBTOR: Professional Satellite and Communication, LLC          CASE NO: 07-06613-LA7

## LIST OF EXHIBITS

| EXHIBIT | NAME OF EXHIBIT | PAGE NUMBER |
|---|---|---|
| A | NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING | 4 - 13 |

CSD 1180 [05/01/15]
Name, Address, Telephone No. & I.D. No.

Kevin J. Hoyt, Esq. (Cal. Bar No. 76830)   (619) 234-2111
ESTES & HOYT, A Professional Corporation
550 West C Street, Suite 530
San Diego, CA 92101

Attorneys for Nancy L. Wolf, Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

PROFESSIONAL SATELLITE AND COMMUNICATION, LLC,

BANKRUPTCY NO. 07-06613-LA7

Tax I.D.(EIN)#:           /S.S.#:XXX-XX-           Debtor.

## NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR(S), ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that Nancy L. Wolf, Trustee
(select one:)  ☑ the Trustee  ☐ United States Trustee  ☐ Debtor-in-Possession  ☐ Creditor, herein, proposes to:

☐ Use, sell or lease the following property not in the ordinary course of business [include information as required by Federal Rule of Bankruptcy Procedure 2002(c)(1)]; or

☐ Abandon the following property [description of property to be abandoned]; or

☑ Compromise or settle the following controversy [description of controversy to be settled and relevant standards for approval as required by Local Bankruptcy Rule 9019]; or
   SEE ADDENDUM ATTACHED HERETO.

☐ Seek allowance of compensation or remuneration to debtor(s) as follows [specify the nature]; or

☐ Other [specify the nature of the matter]:

CSD 1180 Case 07-06613-LA7   Filed 11/28/16   Entered 11/28/16 15:21:10   Doc 525   Pg. 4 of 13

CSD 1180                 EXHIBIT A PAGE 4                 [Continued on Page 2]

If you object to the proposed action:

1. **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. *If a Chapter 7, 11, or 12 case,* determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

    - MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
    - LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
    - LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
    - PB - call (619) 557-5157 - DEPARTMENT FOUR (Room 328)
    - CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

2. **WITHIN TWENTY- ONE (21)[1] DAYS FROM THE DATE OF SERVICE OF THIS MOTION**, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration must :

    a. identify the interest of the opposing party; and

    b. state, with particularity, the grounds for the opposition.

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 21-day[1] period provided by this notice, NO HEARING WILL TAKE PLACE, you will lose your opportunity for hearing, and the moving party may proceed to take the intended action.

DATED:   October 31, 2016

                                ESTES & HOYT, A Professional Corporation

                                By: _____
                                    Kevin J. Hoyt
                                    Attorneys for Nancy L. Wolf, Trustee

---

[1] If you were served electronically or by mail, you have three (3) additional days to react to this proposed action as calculated by Fed. R. Bankr. P. 9006(f).
[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1180                              EXHIBIT A PAGE 5

# ADDENDUM TO NOTICE OF INTENDED ACTION
# TO COMPROMISE AND SETTLE CONTROVERSY

## 1. Factual Background.

Professional Satellite and Communication, LLC ("Prosat") is a California limited liability company with its former principal place of business in the County of San Diego, California. Prosat filed a petition for relief under chapter 7 of the Bankruptcy Code on November 19, 2007 thereby commencing the Prosat Chapter 7 case.

Trustee, Nancy L. Wolf, is the duly appointed, qualified and acting trustee in the Prosat Chapter 7 Case and sole representative of the Prosat Bankruptcy Estate pursuant to 11 U.S.C. § 323.

Sean Rones and Radium Marketing filed a claim (Claim No. 32-1) in the amount of $710,000.00 in the Prosat Chapter 7 Case on April 24, 2008. On August 14, 2012, Sean Rones and Radium Marketing filed an Amended Claim (Claim No. 32-2) in the amount of $1,172,664.80 in the Prosat Chapter 7 case, amending and superseding Claim No. 32-1 (collectively "Claim No. 32").

On April 4, 2016, the Trustee filed an Objection to Claim No. 32-2 (Doc 380) in the Prosat Chapter 7 Case (the "Objection"). On May 2, 2016 Rones filed an Opposition to Trustee's Objection to Claim No. 32 (Doc 398). On May 12, 2016 the Trustee filed a Reply to Rones' Opposition to Trustee's Objection To Claim (Doc 404).

Following a hearing on the Trustee's Objection to Claim No. 32 on June 16, 2016, the court on July 6, 2016 entered its Order Disallowing Claim of Sean Rones, Radium Marketing (Claim No. 32) in the Prosat Chapter 7 Case [the "Order Disallowing Claim No. 32" (Doc 428)].

On July 17, 2016, Rones filed a Notice of Appeal and Statement of Election in the Prosat Chapter 7 Case, appealing the Order Disallowing Claim No. 32. On September 27, 2016, Rones filed his Opening Brief Re Appeal From Bankruptcy Court. Said appeal is now pending in the United States District Court, Southern District of California, Appeal No. 16CV1839 BEN MDD (the "District Court Appeal").

After the negotiations between the Trustee and Rones, the Parties have decided to compromise and settle all disputes, and enter into that certain Settlement Agreement, a copy of which is attached as Exhibit A to the Declaration Of Nancy L. Wolf filed herewith. The Settlement Agreement provides for the partial allowance of Claim No. 32 in the amount of $100,000.00, and disallowance of the balance of the claim in the amount of

$1,072,664.80, dismissal with prejudice of the District Court Appeal, and general mutual releases by the parties of all claims of either party against the other party related to the Prosat Chapter 7 case, on the terms and conditions therein (the "Settlement").

2.    **Essential Terms of Settlement.**

   A.    **Partial Allowance of Rones Claim No. 32.**

Upon the Effective Date of the Settlement Agreement, the Rones Claim No. 32 shall be finally resolved so that Rones Amended Claim No. 32 shall be allowed in the Prosat Chapter 7 Case as a general, unsecured, pre-petition claim without priority in the amount of One Hundred Thousand dollars ($100,000.00), and the remaining balance of the claim in the amount of One Million Seventy-Two Thousand Six Hundred Sixty-Four dollars and Eighty cents ($1,072,664.80) shall be disallowed.

   B.    **Dismissal and Waiver of Appeals.**

Within 10 days of the Effective Date of the Settlement Agreement, Rones shall dismiss with prejudice the District Court Appeal. Rones also hereby waives any rights of further appeals of the Order Disallowing Claim No. 32, such waiver to become effective on the Effective Date of the Settlement Agreement. The parties agree to stipulate to an Order for a temporary stay of the District Court Appeal, pending court approval or disapproval of the Settlement Agreement.

   C.    **Mutual Releases.**

The parties will exchange general mutual releases of all claims against the other party related to the Prosat chapter 7 case.

   D.    **Settlement Approval and Effective Date.**

The Settlement Agreement is subject to approval by the Bankruptcy Court and shall not be effective until entry of an order approving the Settlement in form and substance in the Prosat Chapter 7 Case ("the Settlement Order"). The Effective Date of the Settlement Agreement shall be deemed to be on the second business day following the expiration of 14 days after the entry of Settlement Order without a stay of such order having been issued by the court. In the event the bankruptcy court declines to approve the Settlement Agreement in any material respect or the Settlement Order is vacated, overturned or modified in any substantive manner, the Settlement Agreement shall be of no force or

Case 07-06613-LA7    Filed 10/31/16    Entered 10/31/16 15:24:37    Doc 515    Pg. 5 of 13

effect and shall automatically terminate, and the Parties shall be returned to their respective positions as of the day immediately prior to the execution hereof.

3. **The Settlement Is In The Best Interests of the Bankruptcy Estate And Satisfies The Criteria For Approval As Set Forth in *In Re A & C Properties, Inc.* (9th Cir. 1986), 784 F.2d 1377.**

The Settlement Agreement was negotiated in good faith, as an arm's length transaction, and is in the best interests of the Bankruptcy Estate. The compromise and settlement is fair and equitable under the test set forth in *A & C Properties, Inc.* (9th Cir. 1986) 784 F.2d 1377, as set forth below:

### A. Probability of Success in the Litigation.

Although the Trustee prevailed on her Objection by obtaining an Order Disallowing Claim No. 32, the Trustee investigated and identified several issues arising from the District Court Appeal. Those issues include issues of fact and of law about the terms of the underlying pre-petition settlement and mutual releases between Rones and the Debtor herein, and the performance of those terms. While the Trustee is confident she would likely prevail in the District Court Appeal and any subsequent appeals, it is impossible to predict how an appellate court might view the issues and rule upon them. Accordingly, the probability of success in the litigation is more likely than not, although uncertainty remains.

### B. The Difficulties, If Any, To Be Encountered in The Collection.

As a settlement of what should be the allowed amount of Rones' claims, potential difficulties in collection is not a material factor in determining whether the settlement is fair and equitable under In re *A & C Properties, Inc.*

### C. The Complexity of The Litigation and the Expense, Inconvenience, and Delay Involved.

Continuation of the Appeal would require preparation of an Appellee's Briefs and a possible hearing for which additional preparation and time would also be required. A further appeal to the Ninth Circuit Court of Appeals would also be likely in the event Rones was unsuccessful in the District Court Appeal. Also, a potential two to three day trial would be required, if the Order Disallowing Claim 32 was reversed on appeal. Continuation of the appeal, a likely further appeal, and a possible trial of the case would require substantial attorney fees and other costs. Fees and costs for the estate for the appeals described

above, likely would exceed $30,000. Continuation of the appellate process would also likely substantially delay resolution of the dispute.

    **D.   Paramount Interest of Creditors and Deference to Their Reasonable Views.**

By litigating the objections, the Prosat estate would be potentially at risk for an additional $1 million+ in the amount of the claim and approximately $30,000+ in appeal and litigation costs and fees, along with substantial delays in resolving one of the larger claims filed in the case. It is in the best interests of creditors to eliminate the risk of loss, delay, and substantial expenses which would result from litigating rather than settling the Appeal to the Order Denying Rones' claim.

Signed by Judge Louise DeCarl Adler November 28, 2016

*In re Professional Satellite and Communication, LLC*
U.S.B.C. (S.D. Cal.) Case No. 07-06613-LA7

## PROOF OF SERVICE

I, the undersigned, declare and certify that I am over the age of 18 years, not a party to the within action and employed in the County of San Diego, State of California. My business address is Estes & Hoyt, A P.C., 550 West C Street, Suite 530, San Diego, CA 92101, and I made the service referred to below at their direction.

On the date of execution below, I served a true copy of the following document(s):

**NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

[ X ]  **ELECTRONICALLY VIA THE COURT NEF**: Pursuant to controlling General Order(s) and in accordance with the Administrative Procedures and Guidelines for Electronic Filing, the foregoing document(s) will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. The name(s) and electronic mail address(es) of the person(s) served are set forth below:

SEE ATTACHED LIST

[ X ]  **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. The envelopes were addressed as follows:

SEE ATTACHED LIST

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 31, 2016 at San Diego, California.

/s/Laurie Smith
Laurie Smith

Prosat\Proof of Service re Notice-Rones NOIA.wpd

EXHIBIT A PAGE 10

## ELECTRONICALLY VIA THE COURT NEF:

| | | |
|---|---|---|
| **William P. Fennell** | william.fennell@fennelllaw.com | [Attorney for Debtor] |
| **Nancy Wolf, Trustee** | nwolf@ecf.epiqsystems.com | [Chapter 7 Trustee] |

EXHIBIT A PAGE 11

**BY U.S. MAIL:**

Professional Satellite and
Communication, LLC
5590 Morehouse Drive
San Diego, CA 92121

CDW Corporation
c/o Receivable Management Services
"RMS"
P.O. Box 5126
Timonium MD 21094

State Comp Ins Fund
Attn: Edna B. De Mesa
PO Box 9102
Pleasanton, CA 94566-9102

Money Mailer
14271 Corporate Drive
Garden Grove, CA 92843

San Diego County
Treasurer - Tax Collector
1600 Pacific Hwy, RM 103
San Diego, CA 92101

GMAC
PO Box 130424
Roseville, MN 55113

AT & T BANKRUPTCY
JAMES GRUDUS
ONE AT&T WAY
BEDMINSTER, NJ 07921

AT&T ADVERTISING & PUBLISHING
101 SPEAR STREET RM 534
SAN FRANCISCO, CA 94105

CIT TECHNOLOGY FINANCING SERVICES
INC
BANKRUPTCY PROCESSING SOLUTIONS INC.
800 E SONTERRA BLVD. STE 240
SAN ANTONIO, TX 78258

San Diego Gas & Electric Co
Credit Services CP 61E
PO Box 129831
San Diego CA 92112-9985

Installs R Us, Inc.
5032 Towne Center
Saint Louis, MO 63128

SBC YELLOW PAGES
AT&T AAS BANKRUPTCY COORDINATOR
100 E BIG BEAVER
TROY, MI 48083

COMMERCIAL TRADE BUREAU
OF CALIF
PO BOX 10389
BAKERSFIELD, CALIF 93389

Duffy Fainer
11880 Caminito de las Missione
San Diego, CA 92128

Konica Minolta Business Solutions
USA Inc
Attn: Sue Kelly, Natl Credit Manager
100 Williams Drive
Ramsey NJ 07446

Schwartz Semerdjian
Haile Ballard Cauley
101 W. Broadway; #810
San Diego, CA 92101

News America Marketing, Inc.
20 Westport Road
Wilton, Ct 06897

DIV OF ROBERT HALF INTERNATIONAL
5720 STONEBRIDGE DRIVE STE 3
PLEASANTON, CA 94588
ATTN: KAREN LIMA

Coast to Coast Classifieds
PO Box 913
New Ulm, MN 56073

WALV TV
1000 N. Meridien St.
Indianapolis, IN 46204

DAN MCALLISTER
TREASURER TAX COLLECTOR
ATTN: BANKRUPTCY DESK
1600 PACIFIC HIGHWAY, RM 162
SAN DIEGO, CA 92101

Buccaneer Communications Inc.
10882 92nd Street
Largo, FL 33777

LECG, LLC
2000 POWELL STREET
EMERYVILLE, CA 94608

Mitchell Silberberg & Knupp
11377 W. Olympic Blvd
Los Angeles, CA 90064

EXHIBIT A PAGE 12

BRCP Realty Services II, LLC
9191 Towne Center Dr. #600
San Diego, CA 92122

LAW OFFCS OF DAVID W. MEADOWS
1801 CENTURY PARK EAST
STE 1250
LOS ANGELES, CA 90067

ROBERT S. ROBINSON, ESQ.
BOWMAN AND BROOKE, LLP
970 W. 190th St., Suite 700
Torrance, CA 90502

FRANCHISE TA X BOARD
SPECIAL PROCEDURES
PO BOX 2952
SACRAMENTO, CA 95812-2952

State Board of Equalization
Special Procedures Section, MIC:55
Post Office Box 942879
Sacramento, CA 94279-0055

Richard M. Kipperman, Receiver
PO Box 3939
La Mesa, CA 91944-3939

DSI Distributing Inc.,
Lonnie Neubauer, Credit Manager
11338 Aurora Ave.
Urbandale, IA 50322

Fitzgerald & Company
1011 Camino Del Rio So., #400
San Diego, CA 92108

SEAN RONES, RADIUM
MARKETING
4273 CORTE FAMOSA
SAN DIEGO, CA 92130

Nayna Networks, Inc.
c/o DLA Piper US Inc.
Attn: Jennifer L. Nassiri, Esq.
350 S. Hope Street, Suite 2300
Los Angeles, CA 90071

Jonathan Shiff (5)
c/o Smaha Law Group
2398 San Diego Avenue
San Diego, CA 92110

Glen Bruner (2)
c/o Scott A. McMillan, Esq.
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230

Print O-Mat
1116 Silverado Street
La Jolla, CA 92077-4524

FARMER CASE & FEDOR
402 WEST BROADWAY
SUITE 1100
SAN DIEGO, CA 92101

United States Trustee
Southern District of California
402 W. Broadway, Suite 600
San Diego, CA 92101

Larry R. Ramsey, Esq.
Bowman and Brooke, LLP
970 W. 190th St., Suite 700
Torrance, CA 90502

!Creditor Mailing
Matrix-SHORTENED
2015-12-17.wpd

EXHIBIT A PAGE 13

Signed by Judge Louise DeCarl Adler November 28, 2016